IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK GARCIA, | § | |
|     PLAINTIFF, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-411-LY |
| | § | |
| | § | |
| ORACLE CORPORATION, | § | |
|     DEFENDANT. | § | |

## DEFENDANT'S ANSWER

Oracle America, Inc.[1] ("Defendant" or "Oracle") hereby files its Answer to Plaintiff's Original Complaint ("Complaint") filed by Mark Garcia ("Plaintiff").

### I.  PARTIES

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

### II.  JURISDICTION AND VENUE

3. Defendant admits the jurisdictional allegations in Paragraph 3 of the Complaint but denies any liability or violation of statutes as alleged therein.

4. Defendant admits the jurisdictional allegations in Paragraph 4 of the Complaint but denies any liability or violation of statutes as alleged therein.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

---

[1] Plaintiff appears to have incorrectly named his employing entity in the Original Complaint. Mr. Garcia was formerly employed by Oracle America, Inc., and has never been employed by Oracle Corporation—a corporate entity with no employees or assets. Therefore, all references to Oracle or Defendant in this Answer, and in Defendant's future pleadings, are made with regards to Oracle America, Inc.

### III.   NATURE OF THE ACTION

6.   Defendant admits that Plaintiff brings claims under 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a) ("Title VII") and Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et. seq. (the "TCHRA") but denies any liability or violation of statutes as alleged in Paragraph 6 of the Complaint.

7.   Defendant admits that Plaintiff brings claims under 42 U.S.C. § 1981 but denies any liability or violation of statutes as alleged in Paragraph 7 of the Complaint.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.   Defendant admits the allegations in Paragraph 8 of the Complaint.

9.   Defendant admits the allegations in Paragraph 9 of the Complaint.

### V.   FACTS

10.   Defendant admits the allegations in Paragraph 10 of the Complaint.

11.   With regard to Paragraph 11 of the Complaint, Defendant admits that Plaintiff held a variety of sales positions since 2005; Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.   Defendant denies the allegations in Paragraph 12 of the Complaint.

13.   Defendant denies the allegations in Paragraph 13 of the Complaint.

14.   Defendant denies the allegations in Paragraph 14 of the Complaint.

15.   Defendant denies the allegations in Paragraph 15 of the Complaint.

16.   Defendant denies the allegations in Paragraph 16 of the Complaint.

17.   Defendant denies the allegations in Paragraph 17 of the Complaint.

18.   Defendant denies the allegations in Paragraph 18 of the Complaint.

19.   Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint, so therefore denies same.

26. Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint, so therefore denies same.

27. Defendant is without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint, so therefore denies same.

28. Defendant is without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint, so therefore denies same.

29. Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint, so therefore denies same.

30. With regard to Paragraph 30 of the Complaint, Defendant admits that Plaintiff closed his first deal on May 30, 2018; Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant admits the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant is without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint, so therefore denies same.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. With regard to Paragraph 39 of the Complaint, Defendant admits that Ms. Kriete encouraged Plaintiff to work with his peers for guidance on internal processes; Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant is without sufficient information as to the substance and timing of what Plaintiff alleges to have "learned" to admit or deny the allegations in Paragraph 42 of the Complaint, so therefore denies same.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

### VI.  COUNT 1 – TITLE VII RACE DISCRIMINATION

44. Defendant hereby incorporates all of its admissions and denials as if fully stated herein.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

### VII.  COUNT 2 – TCHRA RACE DISCRIMINATION

47. Defendant hereby incorporates all of its admissions and denials as if fully stated herein.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

### VIII.     COUNT 3 – TITLE VII COLOR DISCRIMINATION

50. Defendant hereby incorporates all of its admissions and denials as if fully stated herein.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

### IX.     COUNT 4 – TCHRA COLOR DISCRIMINATION

53. Defendant hereby incorporates all of its admissions and denials as if fully stated herein.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

### X.     COUNT 5 – SECTION 1981 RACIAL DISCRIMINATION

56. Defendant hereby incorporates all of its admissions and denials as if fully stated herein.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

### XI.     JURY DEMAND

59. Defendant admits Plaintiff has demanded a trial by jury. Defendant denies that there is a triable issue of fact.

### XII.     PRAYER

60. Defendant denies that Plaintiff is entitled to any of the relief articulated in Section XII of the Complaint.

To the extent not heretofore admitted, denied, or modified, Defendant now denies any remaining allegations contained in the Complaint.

**<u>DEFENSES</u>**

Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show to the contrary, Defendant asserts the following defenses:

1. Defendant avers that Plaintiff has failed to state any claim upon which relief can be granted.

2. Defendant avers that Plaintiff was employed at-will and subject to termination for any legitimate reason or for no reason at all.

3. Defendant avers that at all times relevant to this suit it has acted in good faith with regard to Plaintiff and had reasonable grounds to believe that its actions were not in violation of any law.

4. Defendant asserts that Plaintiff's claims for damages, if any, are subject to all applicable limitations on such damages under federal, Texas or other applicable law, including but not limited to, Title VII and Section 41.001 *et seq.* of the Texas Civil Practice and Remedies Code.

5. Defendant asserts that Plaintiff has failed to mitigate his damages, if any. To that extent, Plaintiff may not recover from Defendant.

6. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

7. Defendant avers that Plaintiff is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of any charge timely filed with the Equal Employment Opportunity Commission or the equivalent state and local agencies.

8. Defendant avers that any claims for punitive or exemplary damages are barred because Plaintiff cannot prove that Defendant acted with actual malice, willfulness, wantonness, bad faith, or reckless indifference relative to him.

9. Defendant avers that to the extent Plaintiff seeks punitive or exemplary damages, such request violates Defendant's rights to procedural and substantive due process and its right to protection from "excessive fines" as provided in the Fourteenth, Fourth and Eighth Amendments to the United States Constitution and any parallel state law.

10. Defendant avers that this action is frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

11. Subject to and without waiving the foregoing, and without waving Plaintiff's burden to show to the contrary, Defendant avers that Plaintiff's claims for damages are subject to all applicable limitations on such damages as set forth in state and federal law.

12. Subject to and without waiving the foregoing, and without waving Plaintiff's burden to show to the contrary, Defendant avers that any employment decisions that were made with regard to Plaintiff were based on legitimate, non-discriminatory reasons.

13. Subject to and without waiving the foregoing, and without waving Plaintiff's burden to show to the contrary, Defendant avers that any employment decisions that were made with regard to Plaintiff would have been made regardless of any protected status Plaintiff may hold.

14. Subject to and without waiving the foregoing, and without waving Plaintiff's burden to show to the contrary, Defendant avers that it did not act willfully to violate any of Plaintiff's federally protected rights.

15. Subject to and without waiving the foregoing, and without waving Plaintiff's burden to show to the contrary, Defendant asserts that Plaintiff never complained of harassing or discriminatory behavior while he was an employee, and in the alternative, that Defendant exercised

reasonable care to prevent and correct promptly any allegedly discriminatory behavior reported by Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

16. Subject to and without waiving the foregoing, and without waving Plaintiff's burden to show to the contrary, Defendant avers the doctrine of after acquired evidence as a defense.

17. Defendant reserves the right to assert additional affirmative defenses as they become evident through discovery or investigation.

**WHEREFORE**, having fully answered, Defendant prays that this Court enter judgment in its favor, dismissing the Complaint with prejudice, and award Defendant reasonable costs, attorneys' fees, and such other relief as may be just and proper.

Respectfully submitted,

**CORNELL SMITH MIERL
 BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone:  (512) 328-1540
Telecopy:   (512) 328-1541

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Andrew Broadaway
State Bar No. 24082332
abroadaway@cornellsmith.com

By: */s/ Edward M. "Ted" Smith*
     Edward M. "Ted" Smith

**ATTORNEYS FOR DEFENDANT**